Eulalio GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 55117.

Court of Criminal Appeals of Texas,
Panel 2.

Nov. 15, 1978.

Charles L. Barrera, Alice, for appellant.

William B. Mobley, Jr., Dist. Atty., Royce C. Johnston, Kingsville, J. Grant Jones, Corpus Christi, Asst. Dist. Attys., Jim D. Vollers, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for delivery of heroin wherein appellant received a sentence of seven years incarceration.

The sufficiency of the evidence is challenged.

Appellant and an undercover narcotics agent drove from Alice to Kingsville to seek a person known as El Gorrilon for the purpose of purchasing heroin. On arrival at Kingsville the two spotted an individual known to both of them as Tarta sitting in a parked car known to belong to El Gorrilon. They asked Tarta if he knew El Gorrilon's whereabouts and he stated he did not. Tarta then drove around with appellant and the agent in a futile attempt to find El Gorrilon. They gave up the search and the original two dropped off Tarta and started to drive back to Alice. A few miles outside of Kingsville Tarta caught up with them and they pulled over. Tarta was accompanied by a person named Nava. Nava offered to sell heroin to the officer and he accepted. The evidence is in conflict as to exactly what transpired there on the side of the road, but the officer testified that Nava produced a sample and that appellant looked at it and said that he thought it was all right. The parties then drove back to Kingsville where the transaction was consummated. The agent gave Nava $850; and although appellant did not receive any of the proceeds of the sale, the agent testified that he demanded 3 grams of heroin from him for his part in the deal but was refused, and given $100 instead.

Section 4.03 of the Texas Controlled Substances Act, Art. 4476–15, V.A.C.S., makes it unlawful for a person to knowingly and intentionally deliver a controlled substance listed in Penalty Group 2 of the Act which includes heroin. The Act defines delivery in Sec. 1.02(8) as the actual or constructive transfer from one person to another of a controlled substance.

V.T.C.A., Penal Code Sec. 7.01(a) makes a person criminally responsible for an offense as a party if the offense was committed by his own conduct or by the conduct of someone for which he is criminally responsible. V.T.C.A., Penal Code Sec. 7.02(a)(2) provides that a person is criminally responsible for an offense committed by the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." In the instant case, "the other person" referred to in the statute is Nava. The jury was charged on this theory. Garza must have aided or encouraged Nava in carrying out this offense in order to be criminally responsible for Nava's actions under Sec. 7.02(a)(2), supra.

■ There was sufficient evidence for the jury to find Garza criminally responsible for Nava's action. The State presented evidence which showed Garza inspected the heroin sample that Nava presented to the agent and stated that he thought it was all right. This opinion aided the seller by encouraging the buyer to go through with the purchase and supports the jury's verdict on

the conduct element of Sec. 7.02(a)(2). His demand for 3 grams of heroin provides sufficient evidence to find that his intention was to promote or assist the commission of the offense. He thought he had earned reimbursement for setting up a heroin buy and this was sufficient evidence to support the jury's verdict on the mental element of Sec. 7.02(a)(2). The first ground of error is overruled.

The State introduced an extraneous offense on the issue of intent. The undercover officer testified that before leaving for Kingsville he had bought a tin foil packet containing .11 grams of heroin from appellant. Appellant objected to the introduction of the heroin purchased in that offense because the State failed to prove a proper chain of custody.

■ The officer testified that he had purchased a tin foil packet of brown powder and placed it into a small envelope after putting identifying notations on the envelope. He turned the envelope in to the Department of Public Safety laboratory for analysis. On the stand he identified the packet and the envelope in which he had placed the packet. A Department of Public Safety chemist identified the same envelope as the one that contained the packet with the brown powder he had tested and had found to be heroin. The envelope was kept at all times after receipt by the laboratory in a vault with access limited to Department of Public Safety laboratory personnel. Appellant made no showing of a gap in custody. His contention is without merit. See, *Howery v. State,* Tex.Cr.App., 528 S.W.2d 230; *Weeks v. State,* Tex.Cr.App., 476 S.W.2d 310.

■ Appellant also contends the trial court erred in not allowing appellant to introduce testimony by a special investigator for the Jim Wells District Attorney's office to the effect that the Department of Public Safety had not filed a complaint about the extraneous offense. His position, then and now, is that such testimony would impeach the agent's testimony that the offense had occurred. Appellant's contention is without merit. The agent testified that he had no connection with or personal knowledge about the filing of charges against specific defendants. The agent testified that Department of Public Safety procedure for an undercover agent is such that he merely turns in evidence and offense reports to the Department and has no further input until he is called to testify. The trial judge properly ruled that the testimony in question was immaterial. The agent was called to testify to certain occurrences within his personal knowledge and cannot be impeached by a showing that events outside his control did not happen.

Appellant's final ground of error advances the claim that the evidence called for a circumstantial evidence charge. He asserts there was no direct evidence that he had engaged in the delivery of heroin that took place and he is therefore entitled to such a charge.

■ Appellant misperceives the manner in which he became a party to the offense. The jury was properly charged that it could find appellant guilty as a party if it found he had aided and encouraged the offense under V.T.C.A., Penal Code Sec. 7.02(a)(2). The evidence would have been circumstantial had the ultimate fact issue been whether Garza and Nava had acted together, but there was direct evidence that appellant aided and encouraged the sale, and was thus a party under Sec. 7.02(a)(2), supra.

"The distinction between circumstantial and direct evidence is that the latter applies directly to the ultimate fact to be proven, while circumstantial evidence is the direct proof of a minor fact which by logical inference demonstrates the fact to be proven." *McBride v. State,* Tex.Cr. App., 486 S.W.2d 318, 319.

Appellant's approval of the sample and his later demand for heroin and acceptance of money was direct evidence that he had intentionally aided and encouraged the commission of this offense.

The judgment of the trial court is affirmed.