Clemente **MEDELLIN**, Jr., Lawrence James Fulcher and Pamela Slay George, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 58864, 59064 and 59199.

Court of Criminal Appeals of Texas, Panel No. 1.

May 20, 1981.

Rehearings Denied July 1, 1981.

Gerald Weatherly, Dallas, John E. Fitzgibbon, Laredo, for Medellin.

Joseph Montemayor, Dallas, for Fulcher.

Lawrence R. Green, Dallas, for George.

Henry Wade, Dist. Atty., William M. Lamb, Bill Booth and Wayne Huff, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

Appellants appeal from convictions for delivery of heroin. All three causes were tried together. Appellants Fulcher and Medellin were sentenced to fifty years confinement; appellant George was sentenced to twenty years confinement. Appellants Fulcher and George challenge the sufficiency of the evidence.

The State's case consisted of testimony from three witnesses: two narcotic officers and a Department of Public Safety chemist. The record reflects that on March 20, 1977, at approximately 10:30 a. m., undercover narcotic officers Troy Braswell and Craig Matthews met appellant Larry Fulcher at a Texaco station. There Fulcher told the of-

ficers to come to his apartment across the street. When the officers entered the efficiency apartment, they observed appellant Clemente Medellin lying on the couch, covered with a blanket and appellant Pamela George lying on the bed. Agent Matthews testified that he saw a gun under the blanket covering Medellin.

Both officers testified that they sat at the table and Fulcher asked if they were interested in buying some brown heroin. Fulcher stated that he had access to an unlimited supply of heroin at a price of $1,500 per ounce. The agents placed an order for five ounces of heroin. Fulcher said that he needed to go to Laredo to pick up the heroin and that he could either fly or drive. During this meeting Medellin remained on the couch covered with the blanket.[1] George did get up one time and remark that she had snorted some of the heroin at one time and it was good.

The next day, around 5:00 p. m., Matthews and Braswell returned to the apartment. Matthews entered the apartment and Fulcher and George were there. Fulcher told Matthews that the heroin was not in, that it would be two or three more hours because his partner (who was not named) had decided to fly instead of drive. When the officers returned at 9:00 p. m., only George was present. George said that Fulcher would be back shortly and that he had gone to the airport to pick up "Clemente." Approximately one hour later, Medellin and Fulcher arrived at the apartment together. Fulcher removed a plastic bag from his sock which contained a brown powdery substance. Fulcher handed the baggie to Matthews and said, "If you like this, the brick will be here tomorrow." Clemente Medellin got up and left the apartment. A few moments later, Fulcher sent George out to get the money from Officer Braswell, who had been waiting in the car. When George went out to the car, she was arrested. Fulcher and Medellin were then arrested.

The State's remaining witness, a chemist from the Department of Public Safety, testified that the substance, which he obtained from Officer Braswell, contained four per cent heroin.

 We find the evidence abundantly sufficient to sustain the conviction of appellant Larry Fulcher.

With regard to the sufficiency of the evidence to sustain Pamela George's conviction, we find, since Fulcher negotiated the deal and delivered the heroin, that George's conviction can stand only through application of the law of parties. See V.T.C.A. Penal Code, Sec. 7.02(a)(2). The jury was charged on the application of the law of parties. Pamela George was present at the apartment when the heroin deal was made. Mere presence at the scene of the commission of an offense will not constitute one a party; however, it is a circumstance tending to prove that a person is a party, and taken with other facts, may be sufficient to show that the accused was a participant. *Coronado v. State*, 508 S.W.2d 373 (Tex.Cr. App.1974). In determining whether an accused was participating as a party to the offense, the courts may look to events before, during and after the commission of the offense. *Ex Parte Prior*, 540 S.W.2d 723 (Tex.Cr.App.1976); *Bush v. State*, 506 S.W.2d 603 (Tex.Cr.App.1974).

 In this case, the day before the heroin was delivered, George told the narcotic officers that she had tried the heroin and assured them that it was good. Regarding the officers' visit to the apartment when only George was present, Officer Braswell testified, "[George] said Larry would be there, and he would have the heroin. We were rather concerned about waiting there. She tried to make us feel comfortable. I told her the money was in the vehicle. She tried to get me to bring the money in the apartment. She said it was safe to bring it in." After the heroin was delivered to Matthews, George went out to the car to get the money from Braswell. We find that there was sufficient evidence for the jury to find the appellant criminally responsible for Fulcher's actions. See *Garza v. State*, 573 S.W.2d 536 (Tex.Cr.App.1978).

---

1. There was no testimony as to whether Medellin was awake or asleep.

■ By appellant Fulcher's remaining ground of error, he contends, without recitation of authority, that the trial court erred in allowing the heroin to be introduced into evidence due to a break in the chain of custody. Apparently, it is appellant's contention that the failure of the chemist to be able to testify as to what happened to the exhibit from the time it was placed in the vault at 11:30 a. m. on March 23, until the time he removed it from the vault the next day, constituted a break in the chain of custody. The chain of custody was completed to inside the laboratory, thus any further objection goes to the weight of the evidence, rather than to its admissibility. See *Norris v. State*, 507 S.W.2d 796 (Tex.Cr.App.1974). No error is shown. The ground of error is overruled. The judgment in Cause No. 59,064 is affirmed.

■ Appellant George also complains that the heroin should not have been admitted because the exhibit was not accounted for after its delivery to the laboratory. William Genn, Department of Public Safety chemist, testified without objection, that he received State's exhibit 1, the heroin, at 11:30 a. m. March 23, 1977, from Officer Braswell. Genn stated that the exhibit was placed in the vault. The next day Genn removed the sealed exhibit and analyzed the contents. The contention is overruled.

■ In her final ground of error, George contends that "prejudicial error was committed by heresay (sic) testimony relating to an extraneous offense of escape." Officer Braswell testified on direct examination that when Pamela George came out to the car to get the money, he arrested her and handcuffed her to the steering wheel of his car. On re-direct, the prosecutor asked:

"Q. Okay. Now Pamela George was not taken into custody that night, was she?

A. She was arrested. No, she wasn't taken into custody.

Q. What happened?"

The appellant's attorney objected, and outside the hearing of the jury stated, "It goes into extraneous offenses, Your Honor. I believe they want to attempt to show that she left the scene." The trial court ruled that the State could go into the fact that George slipped out of the handcuffs. Without further objection, Officer Braswell testified, "When we returned to the vehicle, the handcuffs were laying in the seat and the defendant was gone." On cross-examination of the witness, it was established that Officer Braswell had not actually placed the handcuffs on George. Braswell stated that he handed his handcuffs to Officer Bullard, and was present when he heard them click. Because the officer did not *see* the handcuffs placed on George, the trial court ruled, "At this time the Court instructs the Jury to disregard that portion of the testimony with reference to the handcuffing of the Defendant, Pamela George, and the handcuffing of Pamela George to the steering wheel, and not consider it for any purpose at this time." After this instruction to the jury, the appellant requested no further relief. We find that whatever error might have resulted from testimony concerning the handcuffing of the appellant was cured by the trial court's instructions to disregard. The ground of error is overruled. The judgment in Cause No. 59,-199 is affirmed.

■ Appellant Medellin contends that the trial court erred in refusing to submit appellant's requested charge on the law of circumstantial evidence. We agree. The case against Medellin was circumstantial and dependent upon the application of the law of parties for conviction. The State's case against Medellin consisted of evidence that he was present when the deal was made, although he in no way participated and it was not shown if he was even awake. Also, Fulcher told the officers his partner was flying the heroin in, then George told the officers that Fulcher was going to the airport to pick up "Clemente." Fulcher and Medellin arrived at the apartment together and Fulcher had the heroin at that time. Although the circumstances strongly indicate that Medellin aided in the commission of the offense, it is necessary to rely on inferences to reach that conclusion.

In *Garza v. State*, 573 S.W.2d 536 (Tex. Cr.App.1978), the defendant was found guilty as a party to the offense of delivery of heroin. In reply to defendant's contention that he was entitled to a charge on circumstantial evidence because there was no direct evidence that he had engaged in the delivery of the heroin, the court ruled,

"Appellant misperceived the manner in which he became a party to the offense. The jury was properly charged that it could find appellant guilty as a party if it found he had aided and encouraged the offense under V.T.C.A. Penal Code, Sec. 7.02(a)(2). The evidence would have been circumstantial had the ultimate fact issue been whether Garza and Nava had acted together, but there was direct evidence that appellant aided and encouraged the sale, and was thus a party under Sec. 7.02(a)(2), supra.

'The distinction between circumstantial and direct evidence is that the latter applies directly to the ultimate fact to be proven, while circumstantial evidence is the direct proof of a minor fact which by logical inference demonstrates the fact to be proven.' *McBride v. State* Tex.Cr. App., 486 S.W.2d 318, 319.

Appellant's approval of the sample and his later demand for heroin and acceptance of money was direct evidence that he had intentionally aided and encouraged the commission of this offense."

In the instant case, unlike *Garza*, there is no direct evidence of the ultimate fact to be proven—that Medellin aided and encouraged the offense of delivery of heroin. From evidence that Fulcher went to the airport to pick up "Clemente" and then returned with Clemente Medellin, we can logically infer that the "Clemente" Fulcher went to pick up was indeed the appellant. We can also infer that Medellin probably transported the heroin; there is, however, no direct evidence that Medellin participated in this offense.

In *McBride v. State*, 486 S.W.2d 318 (Tex. Cr.App.1972), the defendant's conviction for possession of marihuana was reversed for failure of the trial court to submit a charge on circumstantial evidence as requested. In *McBride*, the defendant's cousin, Asa McBride, told a narcotics agent that he had some good marihuana but that he would have to go get it. The defendant was standing ten to fifteen feet away when the conversation took place. McBride turned to the defendant and said, "Let's go get the stuff." The defendant and his cousin left together, then returned and *McBride* had the marihuana. In this case, as in the case at bar, the jury was instructed on the law of principals. However, as the Court pointed out in *McBride*, the necessity of an instruction on the law of circumstantial evidence is not eliminated by an instruction on the law of principals.

In *McBride*, supra, the Court held:

"Thus, the ultimate fact which the State had to prove, the possession of the contraband, could only be inferred from the proof of the minor facts of possession of marihuana by appellant's companion, the proximity of the appellant to the conversation where the agreement for purchase was made, the statement of McBride to appellant, 'Lets's go get the stuff,' followed by the departure of appellant and McBride in an automobile, their return a short time thereafter and the delivery of the contraband by McBride to the officer.

'The fact that circumstances may strongly point to a person accused of a crime does not relieve the court of the duty of charging the law of circumstantial evidence where the question of guilt is an inference or presumption deducible from circumstances in evidence.' *Haney v. State*, Tex.Cr.App., 438 S.W.2d 580.

[3] Possession having been proven by circumstantial evidence, we find the court committed reversible error in failing to give appellant's requested charge thereon."

See *Frazier v. State*, 576 S.W.2d 617 (Tex. Cr.App.1978). Cf. *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.1976), (Opinion on Rehearing); *Alvarez v. State*, 508 S.W.2d 100 (Tex.Cr.App.1974).

In this case, although the appellant was present when the heroin was delivered,

there is no direct evidence that he aided or participated in the offense. For the failure to submit a charge on the law of circumstantial evidence, as requested, the judgment of conviction is reversed and the cause remanded.

The judgments in Cause Nos. 59,064 and 59,199 are affirmed. The judgment in Cause No. 58,864 is reversed and remanded.

ODOM, J., dissents in Cause No. 58,864.