**James C. WESTFALL, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–165–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 22, 1983.

Rehearing Denied Jan. 26, 1984.

Arnold X. Medina, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J. and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of delivery by actual transfer to a specified narcotics investigator a controlled substance, to-wit: cocaine.

■ On April 4, 1983, appellant pled not guilty to the charge in the indictment and was tried before a jury together with co-indictee, Michael A. Funk. Appellant was found guilty as charged in the indictment, and punishment was assessed by the jury at ten (10) years confinement in the Texas Department of Corrections and a fine of $5,000.00.[1] On the jury's recommendation, the trial court probated both the fine and imprisonment. Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

In ground of error number one, appellant contends that the evidence presented at trial is insufficient to support his conviction as charged in the indictment. The indictment in question alleged that appellant, *acting together* with Michael A. Funk, did:

"intentionally and knowingly deliver by actual transfer to William B. Bywaters a controlled substance listed in Penalty

---

[1] The Texas Legislature, in the 1981 session, passed House Bill 730, which amended the Texas Controlled Substances Act, TEX.REV.CIV. STAT.ANN., art. 4476–15 (Vernon Supp.1982). H.B. 730, Acts of the 67th Leg., Reg.Sess., 1981, Ch. 268, Pg. 696–708, Eff. Sept. 1, 1981.

The Court of Criminal Appeals has recently held in *Ex parte Crisp,* 661 S.W.2d 944 (Tex.Cr. App.1983); and, in *Bass v. State,* 661 S.W.2d 954 (Tex.Cr.App.1983), that the caption to House Bill 730, supra, was defective in that it failed to apprise readers of the changes in the Code of Criminal Procedure and Penal Code effectuated by the amendment. The Bill was declared unconstitutional under the Tex. Const. Art. III, § 36. The Court further held that the Controlled Substances Act stood as though House Bill 730 had never been enacted.

However, under the pre-amendment version of the Act, the jury was authorized to assess a penalty consistent with that authorized for a felony of the first degree; i.e., confinement for life or for any term and a fine not to exceed $10,000.00 (Tex.Penal Code Ann. § 12.32 [Vernon Supp.1982–1983] ).

We have recently addressed this problem in *Torres v. State,* No. 13–82–205–CR (Tex.App.— Corpus Christi November 17, 1983, no d.r.). There, we stated that no reversible error arises from the imposition of a sentence based upon a charge given under the post-amendment act, provided that the sentence actually imposed falls within the range authorized by the pre-amendment version of the Act. *See Torres,* and authorities cited therein. We conclude that appellant was not harmed by the charge given the jury on punishment in the case at bar. Under both versions, the range of punishment for this offense is identical.

Group 1, to-wit, Cocaine of less than 28 grams."

The evidence was that on June 7, 1982, William B. Bywaters, Jr., an undercover narcotics investigator with the Department of Public Safety, met with informant James Thrasher at a designated place in the Beeville area, Bee County, Texas, in furtherance of a special narcotics investigation. On this same date, Thrasher, identifying himself as "Dave," testified that he called appellant's residence and asked for appellant's roommate, David Salazar. Both Bywaters and Thrasher testified that their purpose in contacting Salazar was to buy cocaine. The testimony is conflicting in some degree as to the events following the phone call to appellant's apartment. It is undisputed, however, that on June 7, 1982, the transaction ultimately resulting in the delivery of what was purported to be approximately one-quarter (¼) ounce of cocaine took place in appellant's home. There was no evidence adduced at trial showing an actual transfer of the substance between appellant and either Bywaters or Thrasher. However, appellant was charged by indictment and found guilty through application of the law of parties. Tex.Penal Code Ann. §§ 7.01(a), 7.02(a)(2) (Vernon 1974). The jury was properly charged on the application of the law of parties.

Tex.Penal Code Ann. § 7.02 (Vernon 1974) provides:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." (Emphasis added.)

■ Appellant admitted he was present at the apartment when the cocaine delivery was made. Mere presence at the scene of the commission of an offense does not constitute one a party to support a conviction under Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974). It is, however, a circumstance tending to prove guilt and, when taken with the other facts of the case,

may be sufficient to show that the accused participated in the commission of the offense. *Medellin v. State,* 617 S.W.2d 229 (Tex.Cr.App.1981); *Alexander v. State,* 607 S.W.2d 551 (Tex.Cr.App.1980); *Coronado v. State,* 508 S.W.2d 373 (Tex.Cr.App.1974). In determining whether an accused was participating as a party to the offense, the courts look to events before, during and after the commission of the offense. *Medellin v. State,* 617 S.W.2d at 231; *Ex parte Prior,* 540 S.W.2d 723 (Tex.Cr.App.1976); *Bush v. State,* 506 S.W.2d 603 (Tex.Cr.App. 1974).

■ When considering the sufficiency of the evidence, we view it in the light most favorable to the jury verdict, and will uphold the conviction only if a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983); *Simmons v. State,* 622 S.W.2d 111, 115 (Tex.Cr.App.1981). In reviewing the evidence here, we also follow the well established rule that a jury may accept or reject any part of a witness' testimony. *Johnson v. State,* 571 S.W.2d 170 (Tex.Cr.App.1978).

■ In the instant case, there was ample evidence for the jury to have found that the appellant was criminally responsible for Funk's actions. The state presented evidence which showed appellant negotiated and assisted in the purchase and the actual delivery of the cocaine between Funk, his co-indictee, and Bywaters, the undercover agent. Thrasher, the informant, testified that when he called appellant's apartment to buy cocaine, he was told that Salazar was not there. Appellant volunteered to get what he wanted. Thrasher testified that appellant told him to "come on over." Both Thrasher and Bywaters testified that "the deal" was then made in the presence of Thrasher, Bywaters and the appellant near the door to the entrance of appellant's residence. Bywaters and Thrasher testified that appellant set up the agreement to supply from his source a quarter-ounce of cocaine for $750.00. At this same time, Thrasher testified that appellant advised

him that "his source was a little nervous." He asked Bywaters to leave and come back in twenty minutes. Appellant further advised Thrasher that his source would deal with him (Thrasher).

Thrasher testified that after he showed appellant he had enough money to buy the cocaine, he (Thrasher) went inside the house while appellant called Funk in his presence. Thrasher stated that appellant informed him that his source was "on his way." Both appellant and Funk testified that appellant had made this phone call to Funk at work, although only for the purpose of letting Funk know that "Dave was looking for him." Once Funk arrived at appellant's apartment, it was undisputed that the final transaction took place between all four parties at the table in appellant's apartment. Appellant admitted at trial that he was offered and did, in fact, use some of the cocaine that was put out on the table from the "baggie" containing the white powder.

Finally, Bywaters, the undercover agent, testified that all three, meaning appellant, Funk and Thrasher, assured him the "stuff was all right." Bywaters further stated that, after Funk left, he and Thrasher had a conversation with appellant concerning the quality of the cocaine in which appellant stated that he would be obtaining some cocaine from Dallas of a better quality and that he would also be able to give them a better price for it in the future.

The evidence was sufficient to establish that the appellant acted with the intent to promote and assist the commission of the alleged offense, and that he encouraged and/or aided Funk, his co-indictee, to commit the offense. Tex.Penal Code Ann. §§ 7.01(a), 7.02(a)(2) (Vernon 1974). We hold that the jury was authorized to convict under this law, and their verdict is amply supported. *Villarreal v. State,* 617 S.W.2d 702 (Tex.Cr.App.1981); *Garza v. State,* 573 S.W.2d 536 (Tex.Cr.App.1978).

Appellant's second contention under his first ground of error states that there is a "complete absence of evidence" establishing an actual transfer between Michael A. Funk, the co-indictee, and the investigator specified in the indictment, William B. Bywaters. As stated earlier, the state agrees with appellant's statements concerning the fact that there was no evidence showing that appellant actually handed the cocaine to either Thrasher or Bywaters. However, contrary to appellant's argument in his brief, both Bywaters and Thrasher testified that the delivery was made between Funk and Bywaters. Bywaters' testimony concerning the delivery was as follows:

"I was introduced to Mr. Funk. I sat down at the table, Mr. Funk picked up the bag that was laying there between him and Mr. Thrasher, and went to hand it to Mr. Thrasher, and I reached over and took the bag and examined it."

On cross-examination, Bywaters testified that Funk was directing the package toward Thrasher when he (Bywaters) reached out and took it. Bywaters explained that he took possession of the bag because "it was my seven hundred fifty dollars," although supplied by the Department of Public Safety for purposes of the narcotics investigation. In clarification of the testimony concerning his grabbing of the bag, Bywaters testified that Funk was holding the bag out toward Thrasher and that he (Bywaters) leaned over and took possession of the bag. Bywaters stated that he did not forcefully take the bag from Funk and that Funk released the bag to him as soon as he took hold of it.

Thrasher's testimony concerning the delivery was as follows:

"Mr. Bywaters came in, sat down across the table from Funk, and I was sitting there. Mr. Funk was here, and Agent Bywaters was here. And Mr. Funk was to hand me the package, and Mr. Bywaters reached across and said, 'Let me look at it'."

Thrasher further testified that the cocaine had not been handed or transferred to him at any time prior to Bywaters being invited to come into the house. Thrasher explained that he "just laid the money out" on the table and then told Funk that he had to get his partner to "try the stuff since it was his." Thrasher testified that both appellant and Funk were informed that Bywaters was the ultimate purchaser.

While there is conflicting testimony as to whether Bywaters was the actual recipient of the delivery of cocaine,[2] the jury, as trier of facts, was free to reject that part of the witnesses' testimony that recited a contrary version on this issue. *See Johnson v. State,* 571 S.W.2d 170 (Tex.Cr.App.1978). We find that the evidence was sufficient to sustain appellant's conviction as a party to Michael A. Funk's actual delivery of cocaine to William B. Bywaters. *See Villarreal v. State,* 617 S.W.2d at 703. Ground of error number one is overruled.

In his second ground of error, appellant contends, without recitation of authority, that the trial court erred in overruling appellant's motion for an instructed verdict. We note that appellant did not rest with the state, but elected to offer defensive testimony. By placing defensive evidence before the jury, appellant has rendered it unnecessary for us to consider the propriety of the trial court's ruling denying his motion for instructed verdict. Appellant waived that contention. *Kuykendall v. State,* 609 S.W.2d 791 (Tex.Cr.App.1980); *Shirley v. State,* 501 S.W.2d 635 (Tex.Cr. App.1973). The second ground of error is also overruled.

The judgment of the trial court is affirmed.

---

**2.** Both appellant and co-indictee, Funk, testified that the cocaine was delivered to Thrasher and not Bywaters, the specified investigator in the indictment.