Callier v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-108-CR

     MARSHALL FRED CALLIER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 182nd District Court
Harris County, Texas
Trial Court # 624,269
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Callier from his conviction for delivery of cocaine, enhanced
by one prior felony conviction, for which he was assessed twenty-five years in the Institutional
Division of the Texas Department of Criminal Justice.
      Appellant appeals on one point: The evidence is insufficient to show that Appellant was a
party to a hand-to-hand delivery of cocaine.
      Sharon Pouncy, a Houston police officer, testified that on February 18, 1992, she was
working undercover with Officer DeBlanc. On that evening they stopped at a hamburger stand
rumored to be a location for drug sales. Appellant walked over to Pouncy and she asked him what
was going on. He asked her what she was looking for and she said that she wanted to buy $100
worth of crack cocaine. Appellant replied that they were not selling at the hamburger stand but
he could take her down the street to a house where she could purchase drugs.
      Appellant, Pouncy, and DeBlanc walked a short distance to a house where several men were
sitting in a car. Appellant said to one of the men, "They need to score $100 worth of crack." 
Pouncy then gave a $100 bill to the man that Appellant had spoken to and he went into the house. 
While they were waiting Appellant assured Pouncy that she would get her cocaine. About ten
minutes later, the man returned and handed Pouncy four rocks of cocaine. DeBlanc said the four
rocks were not worth $100, and Appellant then told the man to get her another rock or bring her
$10 back, The man gave Pouncy $10. As they were walking away, Appellant said, "I know you
are going to take care of me because I'm the one who brought you to the house."
      Officer DeBlanc testified that Appellant instructed them to go to Covington Street to buy crack
cocaine. When they got there, Appellant set up a deal, told the man [Mr. Sharp] that he wanted
$100 worth of cocaine. Sharp went into the house and returned with the cocaine. DeBlanc told
Sharp that it was not enough for $100 and that he should either give some money back or more
cocaine. Sharp returned $10 to Pouncy.
      Appellant testified that he lives on Covington Street. On the day of his arrest he said he was
drinking a beer at the hamburger stand, that Pouncy and DeBlanc approached him and Pouncy
asked where she could "score," [meaning buy dope]. He said that he pointed down the street but
that Pouncy asked him to accompany her because she did not know the people there. Appellant
walked with Pouncy and then a man approached them. Pouncy told the man that she wanted $100
worth of cocaine. Appellant denied any involvement in the transaction other than accompanying
Pouncy to the house. Appellant argues that he assisted the buyer, not the seller, and thus he was
not a party to the offense.
      In reviewing the sufficiency of the evidence, the appellate court must view the evidence in the
light most favorable to the verdict. Villalon v. State, (Tex. Crim. App.) 791 S.W.2d 130, 132;
Houston v. State, (Tex. Crim. App.) 663 S.W.2d 455, 456. The foregoing requires us to
determine whether, after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Butler v. State, (Tex. Crim. App.) 769 S.W.2d 234, 239.
      The trier of fact is the exclusive judge of the credibility of the witnesses and an appellate court
may not supplant that judgment with its own view of the testimony. Adelman v. State, (Tex.
Crim. App.) 828 S.W.2d 418, 421.
      Penal Code section 7.02(a)(2) declares a party to an offense is one who, "acting with intent
to promote or assist the commission of the offense . . . solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense." The court so charged the jury.
      In determining whether an accused was participating as a party to the offense, the courts may
look to events before, during and after the commission of the offense. Medellin v. State, (Tex.
Crim. App.) 617 S.W.2d 229, 231. Although mere presence at the scene of an offense is not of
itself sufficient to constitute one a party to an offense, it is a circumstance tending to prove that
one is a party and, taken with other facts, may be sufficient. Medellin, supra.
      In this case, the jury was authorized to believe that Appellant aided in the sale of the cocaine
by providing the seller with a buyer and by telling the seller the amount of cocaine the buyer
wanted. Appellant thus acted as a broker, bringing the parties together for the sale. The jury was
authorized to believe Appellant acted in this role with the intent to assist in the transaction. A
rational trier of fact could, therefore, conclude beyond a reasonable doubt that Appellant was
guilty as a party to the offense. We think the evidence was sufficient and ample to sustain the
conviction.
      Appellant's point one is overruled. The judgment is affirmed.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)
Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 3, 1993
Do not publish