TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00447-CR






Eric Garcia, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-147, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 This is an appeal from a conviction for aggravated assault with a deadly weapon. Tex.
Penal Code Ann. § 22.02(a)(2) (West 1994). The jury convicted appellant, Eric Garcia, and the trial judge
sentenced him to fifteen years' confinement in the Texas Department of Criminal Justice, Institutional
Division. Garcia appeals in three points of error: (1) the evidence was factually and legally insufficient
under the party theory argued by the State because the State failed to prove the requisite intent; (2) the
evidence was factually and legally insufficient under the party theory argued by the State because the
evidence does not support such a theory; and (3) the trial court erred in denying the appellant's request for
a jury instruction on the lesser included offense of simple assault. We will affirm the judgment of the trial
court.


BACKGROUND

 On April 22, 1995, appellant was driving his brother, Ricky Garcia, and three companions
around Lockhart, Texas, in his brother-in-law's Buick Regal. Three of the passengers, Ricky Garcia,
Joseph Alvarez, and a person identified only as Brandon, rode in the back seat of the vehicle, while Aaron
Trevino rode in the front seat. Upon encountering a group of people at the square in Lockhart, Trevino
and appellant gestured to the group using gang signs and appellant stopped the car. A fistfight ensued
between Trevino and Francisco Garcia (1) ("F. Garcia"), one of the members of the group. At the end of the
fight, F. Garcia challenged Trevino to continue the dispute in five minutes in an area of Lockhart known as
"Tank Town."

 Appellant and his friends returned to the car, and appellant drove to his house to drop off
his brother and Brandon. Appellant, Trevino, and Alvarez remained in the car while Ricky Garcia and
Brandon went into the house. Appellant drove to a convenience store for a brief stop and then drove down
Pecos Street. (2) 

 As appellant, Alvarez, and Trevino drove down Pecos Street, they noticed F. Garcia's
vehicle parked ahead of them on the side of the road, approximately three or four blocks from Tank Town. 
Appellant and Trevino shook hands in an unconventional manner and conversed as appellant drove the car
slowly and maneuvered around F. Garcia's parked vehicle. As appellant drove past F. Garcia's car,
Trevino pulled out a firearm and shot at F. Garcia and his passengers, hitting F. Garcia in the head and arm. 
F. Garcia testified that appellant then turned around and drove the vehicle past the victims a second time,
cursing at them as rival gang members. (3)

 After the shooting, appellant drove Trevino and Alvarez two miles to a rural location where
appellant stopped the car so that Trevino could hide the weapon. Appellant then drove Trevino and
Alvarez to Austin and did not return until sometime the next morning.

 Appellant was indicted for aggravated assault; the jury found him guilty and made an
affirmative finding of a deadly weapon. The trial court sentenced appellant to fifteen years' imprisonment. 
Appellant appeals from the trial court's judgment of conviction. 


DISCUSSION


 A person who intentionally, knowingly, or recklessly causes serious bodily injury to another
or who uses or exhibits a deadly weapon during the commission of an assault commits the offense of
aggravated assault. Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). The indictment alleged that
appellant intentionally and knowingly caused serious bodily injury to Francisco Garcia by shooting him with
a deadly weapon, a gun. The court's charge instructed the jury that a person commits the offense of
aggravated assault if he intentionally or knowingly causes bodily injury to another, and the person uses or
exhibits a deadly weapon during the commission of the assault.

 Under the law of parties, evidence is sufficient to support a conviction if the accused is
physically present at the commission of the offense and encourages the principal to commit the offense
either by words or other agreement. Tex. Penal Code Ann. § 7.02(a)(2) (West 1994); Burdine v. State,
719 S.W.2d 309, 315 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987). The evidence must
show that the parties were acting together in order to execute a common purpose. Burdine, 719 S.W.2d
at 315; Brooks v. State, 580 S.W.2d 825, 831 (Tex. Crim. App. 1978). "In determining whether a
defendant participated in an offense as a party, the court may examine the events occurring before, during,
and after the commission of the offense, and may rely on actions of the defendant which show an
understanding and common design to commit the offense." Burdine, 719 S.W.2d at 315, citing Beier v.
State, 687 S.W.2d 2, 4 (Tex. Crim. App. 1985); Medellin v. State, 617 S.W.2d 229, 231 (Tex. Crim.
App. 1981). The court's charge instructed the jury that it could find appellant guilty under the law of
parties.

 In his first point of error, appellant challenges both the legal and factual sufficiency of the
evidence with respect to several issues to support his conviction under the law of parties. The evidence
is undisputed that appellant was present at the shooting; however, appellant claims the State failed to prove
that he acted with the intent to promote or assist his passenger's crime or to prove they acted together with
a common design or purpose. 

 By combining more than one contention into a single, multifarious point of error, appellant
has risked rejection on the ground that nothing is presented for review. Sterling v. State, 800 S.W.2d
513, 521 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1213 (1991); Adkins v. State, 764 S.W.2d
782, 785 (Tex. Crim. App. 1988). Nonetheless, the appellate court has discretion to review such a point
in the interest of judicial economy and justice. Sterling, 800 S.W.2d at 521. Accordingly, we will address
the merits of his claim.

 The critical inquiry on review of the legal sufficiency of the evidence to support a criminal
conviction is whether the record evidence could reasonably support a finding of guilt beyond a reasonable
doubt. This Court does not ask whether it believes that the evidence at trial established guilt beyond a
reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614
S.W.2d 155, 159 (Tex. Crim. App. 1981).

 When the court of appeals conducts a factual sufficiency review, the court views all the
evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. 
The court does not view the evidence in the light most favorable to the prosecution as it does in a legal
sufficiency review. The court should set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 136 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed). 

 Appellant argues that the evidence is legally insufficient to support his conviction for
aggravated assault under the law of parties because the evidence establishes only, if anything, the elements
for the misdemeanor offense of hindering Trevino's apprehension. Texas Penal Code Ann. § 38.05 (West
1994); Urtado v. State, 605 S.W.2d 907, 912 (Tex. Crim. App. 1980). Appellant was not charged with
this offense.

 Appellant also contends the evidence is factually insufficient to support his conviction. 
Appellant argues that the record does not support a finding that he intended to assist or encourage the
aggravated assault and claims that his presence at the shooting is not sufficient to establish the requisite
intent. Appellant asserts that the only times during which he could have encouraged Trevino are (1) at the
square and (2) between the time of the confrontation at the square and the time of the shooting. Although
appellant admits to being present at both the fistfight and the shooting, he claims there is no evidence that
he encouraged the commission of the offense at the square or before the shooting or that he acted in
concert with Trevino. 

 Our review of the record shows that it contains legally sufficient evidence to support a
conviction for aggravated assault under the law of parties. A rational juror could find that appellant
exhibited a prior understanding that the crime would occur by (1) flashing gang signs and cursing at the
victim and his companions at the initial confrontation in the square; (2) dropping off his brother and his
brother's friend, Brandon, in an attempt to protect them from a possible incident; (3) reducing the number
of passengers in his car to justify the use of a weapon against a larger number of people than those in his
group; (4) driving toward the area of Tank Town in search of F. Garcia in response to his earlier invitation
to Trevino for a second confrontation; and (5) shaking Trevino's hand in an unconventional manner as they
approached the victims just before the shooting. In addition, appellant was present at the commission of
the offense and encouraged, aided, and directed Trevino during the commission of the offense by driving
the vehicle slowly and in close proximity to the victim's vehicle in order to provide a better position from
which to shoot the victim. 

 Appellant's behavior immediately after the assault also constitutes evidence of his common
design and understanding to commit the offense. After shooting the victim, appellant again drove past the
victim flashing gang signs and cursing. Appellant then drove Trevino to a rural area so that Trevino could
hide the weapon. Finally, appellant drove Trevino to Austin and did not return to Lockhart until the next
morning possibly in an attempt to establish an alibi.

 We hold that the evidence is legally sufficient to support the jury's finding that appellant was
guilty beyond a reasonable doubt.

 Appellant relies on the testimony of his witnesses to support his position that the evidence
is factually insufficient. Appellant's witnesses testified that when appellant dropped off Ricky Garcia and
Brandon, they did not believe that the appellant, Trevino, and Alvarez were leaving to continue the fight. 
Alvarez testified that they were in route to Austin when they were driving down Pecos Street, not
attempting to look for a second confrontation with F. Garcia. Alvarez further testified that appellant did
not act as though he was looking "for a fight" as he maneuvered around F. Garcia's vehicle and that he
drove at "normal speed." Alvarez also testified that he did not think appellant saw Trevino fire the gun and
that appellant acted as though he thought he and his passengers were getting shot, not that Trevino was the
shooter. In support of this claim, Alvarez stated that appellant "took off" when he heard the shots and later
inspected his own vehicle for bullet holes. 

 Appellant argues that the testimony from the victim and other witnesses was not credible
and does not support the theory that appellant was part of a common plan because the victim was under
the influence of illegal drugs at the time of the shooting. 

 While the testimony of appellant's witnesses attempts to raise doubts about appellant's
intent, we cannot say the jury's verdict was so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Clewis, 922 S.W.2d at 129. The jury was free to determine the credibility
of each witness and the weight of the evidence. We, therefore, hold the evidence is factually sufficient to
support a finding that appellant committed the offense of aggravated assault under the law of parties. 

 Having determined the evidence is both legally and factually sufficient, we overrule
appellant's first point of error.

 In his second point of error, appellant again raises claims of both legal and factual
insufficiency. As in his first point of error, appellant argues that the evidence is legally insufficient because
the State did not establish the elements of the crime as to the appellant. Appellant also repeats his claim
of factual insufficiency under the law of parties, arguing generally that, "the evidence does not support the
State's theory." 

 Appellant's second point of error is both multifarious and duplicitous to the first point of
error. (4) Nevertheless, in addressing the merits of appellant's complaints, we hold that the evidence is both
legally and factually sufficient to support his conviction. Consistent with our disposition of point one, we
overrule point two.

 In his third point of error, appellant contends that the trial court erred by denying his request
for a jury instruction regarding the lesser included offense of simple assault. In determining whether a
defendant is entitled to an instruction on a lesser included offense, the court must employ the two prong test
set forth in Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981) (opinion on rehearing). First,
the lesser included offense must be included within the proof necessary to establish the offense charged. 
Secondly, there must be some evidence in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty of only the lesser offense. Id. In making such a determination, we must
review all of the evidence presented at trial. Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App.
1994). 

 Because simple assault is a lesser included offense of aggravated assault, the first prong of
the Royster test is satisfied. Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). The issue is whether any
evidence exists in the record that would permit a rational jury to find that the defendant is guilty only of
simple assault. Anything more than a scintilla of evidence permitting the jury to find that if the defendant
is guilty, he is guilty of the lesser offense, is sufficient to entitle defendant to a lesser offense charge. Bignall,
887 S.W.2d at 23.

 The evidence shows that Trevino committed an aggravated assault on the victim and that
appellant was convicted under the law of parties. Appellant does not direct us to any evidence in the
record to prove that he was guilty of only simple assault. Although appellant argues that he did not have
culpable knowledge of the crime, such evidence, if believed, would not support a conviction for simple
assault. 

 Furthermore, if a defendant simply denies commission of the offense then the charge on the
lesser offense is not required. Saunders v. State, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992).
Appellant claims that because a defense witness testified that appellant seemed unaware of any offense
before Trevino shot F. Garcia, the assault that occurred was the result of an independent impulse. Again,
if believed, this testimony would have required that the jury acquit appellant of all criminal charges. Such
a denial, therefore, does not warrant a lesser offense charge. Id. We find that the trial court properly
refused an instruction on simple assault. Appellant's third point of error is overruled.

CONCLUSION

 Having overruled each of appellant's points of error, we affirm the judgment of the trial
court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 25, 1997

Do Not Publish
1. Francisco Garcia is not related to the appellant, Eric Garcia, or Ricky Garcia.
2. Appellant's passengers testified that they intended to go to Austin, not to resume the argument
with Francisco Garcia. In support of this assertion, Joseph Alvarez testified that Pecos Street was the usual
route he took to get from the convenience store to Austin.
3. Alvarez testified that appellant had not seen Trevino shoot the gun. He further testified that
appellant's "eyes were real big . . . He had thought maybe I got shot at," and that he pulled over to check
his car for bullet holes. 
4. Appellant relies on the case of Mayfield v. State, 716 S.W.2d 509 (Tex. Crim. App. 1986) as
support for his second point of error. Mayfield involved a jury instruction regarding "the independent
impulse theory." Although appellant suggests that the evidence raises the theory of independent impulse,
he did not request such an instruction or object to the jury instruction on that basis at trial. He concludes
and we agree that the jury instruction given was proper in this case. 



nce does not support the
State's theory." 

 Appellant's second point of error is both multifarious and duplicitous to the first point of
error. (4) Nevertheless, in addressing the merits of appellant's complaints, we hold that the evidence is both
legally and factually sufficient to support his conviction. Consistent with our disposition of point one, we
overrule point two.

 In his third point of error, appellant contends that the trial court erred by denying his request
for a jury instruction regarding the lesser included offense of simple assault. In determining whether a
defendant is entitled to an instruction on a lesser included offense, the court must employ the two prong test
set forth in Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981) (opinion on rehearing). First,
the lesser included offense must be included within the proof necessary to establish the offense charged. 
Secondly, there must be some evidence in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty of only the lesser offense. Id. In making such a determination, we must
review all of the evidence presented at trial. Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App.
1994). 

 Because simple assault is a lesser included offense of aggravated assault, the first prong of
the Royster test is satisfied. Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). The issue is whether any
evidence exists in the record that would permit a rational jury to find that the defendant is guilty only of
simple assault. Anything more than a scintilla of evidence permitting the jury to find that if the defendant
is guilty, he is guilty of the lesser offense, is sufficient to entitle defendant to a lesser offense charge. Bignall,
887 S.W.2d at 23.

 The evidence shows that Trevino committed an aggravated assault on the victim and that
appellant was convicted under the law of parties. Appellant does not direct us to any evidence in the
record to prove that he was guilty of only simple assault. Although appellant argues that he did not have
culpable knowledge of the crime, such evidence, if believed, would not support a conviction for simple
assault. 

 Furthermore, if a defendant simply denies commission of the offense then the charge on the
lesser offense is not required. Saunders v. State, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992).
Appellant claims that because a defense witness testified that appellant seemed unaware of any offense
before Trevino shot F. Garcia, the assault that occurred was the result of an independent impulse. Again,
if believed, this testimony would have required that the jury acquit appellant of all criminal charges. Such
a denial, therefore, does not warrant a lesser offense charge. Id. We find that the trial court properly
refused an instruction on simple assault. Appellant's third point of error is overruled.

CONCLUSION

 Having overruled each of appellant's points of error, we affirm the judgment of the trial
court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 25, 1997

Do Not Publish
1. Francisco Garcia is not related to the appellant, Eric Garcia, or Ricky Garcia.
2. Appellant's passengers testified that they intended to go to Austin, not to resume the argument
with Francisco Garcia. In support of this assertion, Joseph Alvarez testified that Pecos Street was the usual
route he took to get from the convenience store to Austin.
3. Alvarez testified that appellant had not seen Trevino shoot the gun. He further testified that
appellant's "eyes were real big . . . He had thought maybe I got shot at," and that he pulled over to chec