Affirmed and Memorandum Opinion filed November 17, 2009.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00919-CR

___________________

 

Simminette Drake Shinette,
Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 212th District Court

Galveston County,
Texas



Trial Court Cause No. 07CR1053

 



 

 

MEMORANDUM OPINION

            Appellant, Simminette Drake Shinette, appeals from his
conviction for possession of a controlled substance, specifically cocaine, in
an amount of at least four grams but less than 200 grams.  The trial court
found appellant guilty and sentenced him to twenty-five years in prison.  In a
single issue on appeal, appellant contends that the trial court erred in
denying his motion for directed verdict based upon alleged lapses in the chain
of custody of certain evidence.  We affirm.

Background

            Appellant
and the State essentially agree on the salient facts.  Galveston police
officers responded to a report of a disturbance at a residence.  While
determining that no disturbance was ongoing, officers discovered that
appellant, who testified that he made the disturbance report, had outstanding
municipal warrants for his arrest.  Appellant was therefore arrested at the
scene.  Before placing appellant in the back of his patrol car, Officer Matt
Staszesky patted appellant for weapons.  Appellant testified that Staszesky
removed items from his (appellant’s) pockets and thoroughly searched him before
replacing the items in the pockets.  Appellant further asserted that Staszesky withdrew
money from appellant’s pocket to count it when they reached the jail.  Also,
once appellant arrived at the jail, Galveston County Sheriff’s Deputy Sharon
Irizarry searched appellant and discovered what she described as a “white rock”
in appellant’s front pocket.  Officer Staszesky testified that after Irizarry
found the rock, he (Staszesky) “took control of it.”  He carried the rock to
what he called the “evidence station,” where he weighed it, “field” tested it,
and placed it in an envelope.  During trial, Staszesky identified State’s
exhibit 1 as the envelope in which he placed the rock.  He further explained
that he had written on the envelope his name, badge number, and the date, and
he also signed the back of the envelope.  After writing the identifying
information on the envelope, Staszesky placed it in a property locker.

            Minh
Nguyen, a chemist with the Department of Public Safety Crime Lab in Houston,
testified that he also recognized State’s exhibit 1 because of a green label on
which he wrote an identifying lab number, as well as his own initials, after he
tested the contents of the envelope.  He also identified the contents of
exhibit 1, State’s exhibit 1A, as a white substance that tested positive as
cocaine.  Nguyen further testified that the substance weighed 4.57 grams.  He
said that after he was assigned to the case, he had retrieved the envelope from
a vault and taken it to his work bench for testing.  During cross-examination,
defense counsel asked Nguyen whether he knew who “Irvin Isbell” was.  Nguyen
responded that he thought Isbell was the person who transported the evidence to
the lab.  Nguyen admitted, however, that he did not have personal knowledge of
this.

            At
the conclusion of the State’s case-in-chief, appellant moved for directed
verdict based on the perceived gap in the chain of custody between Staszesky’s
placing of Exhibits 1 and 1A in the property locker and Nguyen’s retrieval of
the exhibits from the lab vault.  The trial court denied the motion and
ultimately convicted appellant of possession of a controlled substance.

Analysis

            As
stated, in his single issue, appellant contends that the trial court erred in
denying his motion for directed verdict based upon alleged lapses in the evidentiary
chain of custody.  In support, appellant cites authority concerning the
admissibility of evidence.  As a condition precedent to admission, a trial
court must be satisfied that the evidence offered is what the proponent claims
it to be.  See Tex. R. Evid. 901(a); Angleton v. State, 971
S.W.2d 65, 67 (Tex. Crim. App. 1998).  This requirement can be met through
testimony by a witness with knowledge that an item is what it is claimed to be.
 Tex. R. Evid. 901(b)(1); Martinez v. State, 186 S.W.3d 59, 62 (Tex.
App.—Houston [1st Dist.] 2005, pet. ref’d).  In regards to incriminatory
evidence in criminal trials, authentication can be met by demonstrating the
beginning and the end of the chain of custody.  Caddell v. State, 123
S.W.3d 722, 727 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  In such
cases, the State is not required to provide a seamless moment-by-moment account
of the whereabouts of the evidence.  Reed v. State, 158 S.W.3d 44, 52
(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  Instead, in the absence of
proof of tampering, any gaps and minor theoretical breaches in the chain go to
the weight of the evidence rather than its admissibility.  Medellin v. State,
617 S.W.2d 229, 232 (Tex. Crim. App. 1981).

            The
initial problem for appellant, however, is that the argument he is making on
appeal differs fundamentally from the argument he made in the trial court.  In
the trial court, appellant acknowledged that the alleged gap in the chain of
custody went to the weight of the evidence not admissibility.  Indeed, trial
counsel made no admissibility objection based on predicate or chain of custody. 
On appeal, appellant argues only that the cocaine was inadmissible; appellant
cites no authority and makes no argument respecting weight or sufficiency of
the evidence.  Because appellant’s appellate arguments do not comport with his
trial arguments, he has effectively presented nothing for review.  See Pena
v. State, 285 S.W.3d 459, 463-64 (Tex. Crim. App. 2009) (citing Tex. R.
App. P. 33.1(a)).

            Nevertheless,
in the interest of justice, we will consider the issue trial counsel preserved
below.  The contention appears to be that the gap in the chain of custody was
so severe as to require assigning minimal if any weight to the admission into
evidence of the retrieved substance itself as well as the chemist’s testimony
that the retrieved substance was, in fact, cocaine.  With such little weight
assigned to those pieces of evidence, the argument goes, the evidence against
appellant would have been legally insufficient to convict him, and thus, the
trial court erred in denying the motion for directed verdict.  

An appeal from the
denial of a motion for directed verdict challenges the legal sufficiency of the
evidence.  Turner v. State, 101 S.W.3d 750, 761 (Tex. App.—Houston [1st
Dist.] 2003, pet. ref’d).  When reviewing legal sufficiency, we view all of the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Hardy v. State, 281 S.W.3d 414, 421 (Tex. Crim.
App. 2009).  The trier of fact is the sole judge of the credibility of
witnesses.  Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988).  To prove unlawful possession of a controlled substance, the State must
prove: (1) the accused exercised control, management, or care over the
substance; and (2) the accused knew the matter possessed was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005).  Evidence that a
person had cocaine in his pants pocket has been held sufficient to sustain a
conviction for possession of a controlled substance.  See, e.g., Thomas v.
State, 208 S.W.3d 24, 25-27 (Tex. App.—Amarillo 2006, no pet.) (discussing
similar cases).

            As
discussed above, while searching appellant after his arrest, Deputy Irizarry
discovered a “white rock” substance in appellant’s pocket.  Officer Staszesky
received the substance and placed it in an envelope while marking the envelope
with his name, signature, and badge number along with the date.  He then placed
the envelope and its contents in a property locker.  Staszesky testified at
trial that State’s exhibit 1 was the same envelope he placed in the property
locker.  Chemist Nguyen testified that he retrieved exhibit 1 from a vault,
tested the rock-like substance contained in the envelope, and afterwards added
his own identifying information to a label on the envelope.  According to
Nguyen, the substance tested positive as cocaine and weighed in excess of 4
grams.

            Trial
counsel highlighted the missing information in the chain of custody as to how the
envelope moved from the police property locker to the lab vault.  However, no
evidence was submitted suggesting that anything inappropriate or out of the
ordinary happened to the evidence during this time gap in the chain.  Although
the trial court could certainly have considered the missing piece of the
custody chain in weighing the evidence, the bare fact that something improper
could have happened to the evidence during the unaccounted-for period does not
necessarily render exhibits 1 and 1A, or the associated testimony, wholly
without merit.  Based on the testimony of Irizarry, Staszesky, and Nguyen, the
trial court could have rationally found the essential elements of the offense
beyond a reasonable doubt.  See Hardy, 281 S.W.3d at 421.  Accordingly,
we overrule appellant’s sole issue.[1]

            We
affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] On appeal, appellant
suggests that the State failed to prove the end of the chain of custody because
it did not present testimony regarding how the evidence made its way to the
courthouse for trial.  This assertion was not raised in the court below.  Furthermore,
for evidence subject to scientific testing, once the chain of custody is
established into the lab where it was tested, any gaps thereafter go to the
weight of the evidence and not its admissibility.  See Medellin v. State,
617 S.W.2d 229, 232 (Tex. Crim. App. 1981); Martinez, 186 S.W.3d at 62; Menefee
v. State, 928 S.W.2d 274, 280 (Tex. App.—Tyler 1996, no pet.).  Even given
this alleged end-of-the-chain gap, the evidence at trial was sufficient to
sustain the conviction where the portions of the chain involving appellant’s
pocket and the lab were established.