Preston PRICE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–93–400–CR, 13–93–401–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 19, 1995.

Rehearing Overruled Dec. 8, 1995.

Discretionary Review Refused Feb. 7, 1996.

Thomas J. Barry, Yorktown, for appellant.

Wiley L. Cheatham, District Attorney, Robert C. Lassmann, Assistant District Attorney, Cuero, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

A jury convicted appellant, Preston "Teeny" Price, of unlawful delivery of cocaine on two counts. The trial court sentenced appellant to fifty years in prison and a $5000 fine for each count. By two points of error, appellant raises sufficiency of the evidence and due process complaints. We affirm the judgment of the trial court.

Undercover officers, James McBride and Barbara Ann Bowman, were assigned to a drug task force job in Yoakum, Texas. On August 14, 1992, Officers McBride and Bowman drove to a local bar in Yoakum. There, a woman, Leticia Massey, approached Officer McBride and told him that, if he was interested in buying cocaine, she could direct him to an individual from whom he could make a purchase. Officer McBride indicated that he was interested, and Massey then led him inside the bar and introduced him to appellant. After negotiating a deal, appellant sold Officer McBride several rocks of cocaine. Officer McBride then asked appellant how he could contact him for future deals. In response, appellant wrote his name, "Teeny," and his telephone number on a piece of paper and handed it to McBride. McBride then left the bar.

Five days later, on August 19, 1992, Officer McBride called appellant to arrange another purchase. Appellant told Officer McBride that he would be able to get some cocaine for him that evening and arranged for Officer McBride to meet him at the same bar. That evening, Officers McBride and Bowman drove to the bar and found appellant and another man, Carl Wayne Enoch, sitting outside on the doorstep. Appellant informed Officer McBride that he did not have the cocaine, but that Enoch had some cocaine to sell. Appellant then introduced McBride to Enoch. After the introduction, Enoch went inside the bar. Appellant told Officer McBride that, if he wanted to buy some cocaine, he should go inside and wait for Enoch at the pool table. Officer McBride did so and found Enoch waiting at the pool table. After negotiating a deal, Enoch sold Officer McBride four rocks of cocaine. During the transaction, appellant remained outside of the bar, engaging in small talk with Officer Bowman.

Appellant was subsequently charged and indicted with two counts of unlawful delivery of cocaine: one count for the August 14, 1992 delivery[1] and one count for the August 19, 1992 delivery.[2] Although both counts were tried together, the trial court charged the jury separately for each offense. For the August 14, 1992 offense, the court charged the jury with determining whether appellant actually delivered cocaine to McBride. For

1. Cause No. 92–10–8379 (trial) and Cause No. 93–13–400–CR (appeal).

2. Cause No. 92–10–8382 (trial) and Cause No. 93–13–401–CR (appeal).

the August 19, 1992 offense, the court charged the jury with determining whether appellant was a party to the delivery of cocaine by Enoch to Officer McBride. The jury found appellant guilty on both counts, and appellant now appeals his conviction.

■ By point of error one, appellant contends the evidence was insufficient to establish that he was a party to the August 19, 1992 delivery of cocaine. In resolving a sufficiency of the evidence point, we must determine whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App. 1988) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). We apply this standard in both direct and circumstantial evidence cases. *Houston v. State,* 663 S.W.2d 455, 456 (Tex. Crim.App.1984). Further, we measure the sufficiency of the evidence against the jury charge. *Jones v. State,* 815 S.W.2d 667, 668 (Tex.Crim.App.1991) (citing *Garrett v. State,* 749 S.W.2d 784, 802–03 (Tex.Crim.App. 1986)).

Section 7.01(a) of the Texas Penal Code makes a person criminally responsible for an offense as a party if the offense was committed by his own conduct or by the conduct of someone for which he is criminally responsible. *Garza v. State,* 573 S.W.2d 536, 537 (Tex.Crim.App.1978); Tex.Penal Code Ann. § 7.01(a) (Vernon 1994). Section 7.02(a)(2) of the Texas Penal Code provides that a person is criminally responsible for an offense committed by another if he acts with intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person to commit the offense. *Garza,* 573 S.W.2d at 537; Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1994).

■ To prove that a defendant is criminally responsible as a party, the State must show that the defendant knew he was assisting the commission of the offense. *Amaya v. State,* 733 S.W.2d 168, 174 (Tex.Crim.App. 1986). Participation in a criminal offense may be inferred from the circumstances before, during, and after the commission of the offense. *Beardsley v. State,* 738 S.W.2d 681, 684 (Tex.Crim.App.1987). Further, although a defendant's mere presence at the scene of the offense is not indicative of guilt, it is a circumstance that may be used in conjunction with other facts to show his participation as a party. *Harris v. State,* 645 S.W.2d 447, 457 (Tex.Crim.App.1983).

■ In the present case, the application paragraph of the charge tracks the language found in Tex.Penal Code Ann. § 7.02(a)(2) and authorizes the jury to convict appellant if it found beyond a reasonable doubt that appellant knew Enoch intended to deliver cocaine to Officer McBride and that appellant intended to assist Enoch in such delivery by soliciting, encouraging, directing, aiding, or attempting to aid Enoch in doing so.

Officer McBride's testimony at trial provided sufficient evidence to establish that appellant encouraged, directed, and aided Enoch in selling the cocaine to Officer McBride. Officer McBride testified that appellant sold him several rocks of cocaine on August 14, 1992. At that same time, appellant gave him a note with his name and telephone number on it for future purchases. When McBride telephoned appellant on August 19, 1992 to arrange another purchase, appellant told him that he could get some cocaine for him that evening. Later, appellant told McBride that Enoch had cocaine for sale. Appellant then instructed McBride to meet Enoch inside the bar at the pool table if he wanted to buy the cocaine. Following appellant's instructions, McBride found Enoch waiting at the pool table, ready and willing to sell cocaine.

After considering this evidence, we conclude that appellant intended to assist in the delivery of cocaine in that (i) appellant solicited the sale of cocaine by giving his name and telephone number to McBride and telling McBride to meet him at the bar, (ii) appellant encouraged and aided the sale by introducing McBride to Enoch, and (iii) appellant directed and aided the sale by instructing McBride to meet Enoch at the pool table. Thus, we hold that any rational jury could have found beyond a reasonable doubt that

appellant was a party to the delivery of cocaine by Enoch to Officer McBride. We overrule point one.

By his second point of error, appellant argues that he was denied due process when the State failed to timely turn over evidence pursuant to a pre-trial discovery order, which required the State to furnish appellant with any evidence favorable to the appellant. The evidence at issue is the hand-written note with appellant's name, "Teeny," and telephone number written on it. The State failed, for whatever reason, to turn over this evidence to appellant. The evidence came to light during Officer McBride's cross-examination when he stated that he had a copy of the note in his possession. The State claimed that it was unaware that McBride had the note in his possession. The trial court admitted the note into evidence as Defendant's Exhibit 1 (DX–1). Then, during appellant's case-in chief, appellant took the stand solely to provide a sample of his hand-writing. The trial court admitted appellant's handwriting sample into evidence as Defendant's Exhibit–2 (DX–2).

Appellant contends that the handwriting on DX–1 is dissimilar to that on DX–2, and as such, DX–1 could have been used to impeach Officer McBride's credibility on the issue of appellant's identity. Appellant moved for a mistrial, a continuance, and a new trial on the ground that, because he did not receive the evidence (DX–1) in a timely manner, he was denied due process by not being able to adequately prepare a defense to prove that the handwriting on DX–1 was not his. The trial court denied all three motions. Appellant now contends that both of his convictions should be reversed because he was denied due process.

Prosecutorial suppression of evidence favorable to a criminal defendant violates due process when the defendant requests the evidence and such evidence is material either to guilt or to punishment, regardless of the good faith or bad faith of the prosecution. *Butler v. State,* 736 S.W.2d 668, 670 (Tex.Crim.App.1987) (citing *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963)). A conviction must be reversed if the prosecution ac-

tively suppresses evidence or negligently or inadvertently fails to disclose evidence that may exonerate the defendant or that may be of material importance to the defense. *Butler,* 736 S.W.2d at 670; *Crutcher v. State,* 481 S.W.2d 113, 115 (Tex.Crim.App.1972).

In determining whether reversible error has occurred, we must consider three factors: (1) whether the prosecution suppressed the evidence after the defense requested it, (2) whether the evidence is favorable to the defense, and (3) whether the evidence is material. *Butler,* 736 S.W.2d at 670 (citing *Moore v. Illinois,* 408 U.S. 786, 794–95, 92 S.Ct. 2562, 2567–68, 33 L.Ed.2d 706 (1972)).

It is undisputed that appellant made a timely request for the disclosure of exculpatory or impeaching evidence. It is further undisputed that the State suppressed the evidence. What is disputed, however, is whether the suppressed evidence is material and favorable to appellant's case. Appellant contends the evidence is favorable in that it could have been used to impeach Officer McBride's credibility on a fact critical to the identity of appellant and whether he was a party to both deliveries. Further, appellant contends that, because his convictions were secured solely by Officer McBride's testimony, any information that would undermine the credibility of Officer McBride would be material.

Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383–84, 87 L.Ed.2d 481 (1985); *Ex parte Adams,* 768 S.W.2d 281, 289 (Tex.Crim.App.1989). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3383–84; *Adams,* 768 S.W.2d at 290. The defendant bears the burden of showing materiality. *See Amos v. State,* 819 S.W.2d 156, 159–60 (Tex.Crim.App.1991), *cert. denied,* 504 U.S. 917, 112 S.Ct. 1959, 118 L.Ed.2d 561 (1992). In determining materiality, we are to evaluate the undisclosed evidence in the context of

the entire record. *Turpin v. State*, 606 S.W.2d 907, 916 (Tex.Crim.App.1980).

At the hearing on appellant's motion for new trial, a handwriting analysis report was admitted into evidence. The report indicated that a handwriting analyst had compared three of appellant's handwriting samples with that of DX–1. The report revealed inconclusive results, indicating that appellant's handwriting samples provided no basis for either identifying or eliminating appellant as the writer of DX–1. Without conclusive results on this matter, DX–1 is deemed worthless for impeachment purposes.

At trial, Officer McBride positively identified appellant as the same individual who wrote DX–1 and the same individual from whom he purchased the cocaine on August 14, 1992 and from whom he received assistance in purchasing the cocaine on August 19, 1992. Thus, in the light of Officer McBride's eyewitness testimony and the worthless nature of DX–1 as impeachable evidence, even if the State had timely provided DX–1 to appellant, the outcome of trial would have been the same. Accordingly, we overrule point two.

Having considered appellant's two points of error, we AFFIRM the judgments of the trial court.