**Jose A. VILLARREAL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66231.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 24, 1981.

---

L. Aron Pena, Edinburg, for appellant.

Robert J. Salinas, Dist. Atty., Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

## OPINION

ROBERTS, Judge.

A jury found the appellant guilty of delivering fenethylline, a controlled substance. The trial court assessed a punishment of five years' confinement.

The first of the appellant's three grounds of error is that the evidence was insufficient. He relies heavily on *Gonzalez v. State*, 588 S.W.2d 574 (Tex.Cr.App. 1979). In that case Gonzalez was accused of delivering heroin to A. The proof was that Gonzalez delivered heroin to B, who paid for it with money from A; B then took the heroin to A. There was no proof that Gonzalez knew of A's role in the transaction.

The case now before us is fundamentally different. *Gonzalez* involved one seller and multiple buyers; this case involves multiple sellers and one buyer. There is no intermediate buyer, as there was in *Gonzalez*.

The evidence was that the appellant approached an informant for the Drug Enforcement Administration and asked if the informant knew anyone who would buy ten thousand or more fenethylline pills. A delivery was arranged, but the appellant failed to appear. Later he explained that he did not have the pills, but that the informant should keep checking with him. At another time, when the informant asked about pills, the appellant told him to keep checking. When the informant checked again, the appellant said that he had pills to sell, but they were in the possession of another person.

A meeting was arranged at the appellant's residence. The informant met with the appellant and two other men, who produced a bag of fenethylline pills. It was agreed that the sale would take place in a park. The informant, the appellant, and the two other men went to the park and met Gomez, a D. E. A. agent who was acting as the buyer. One of the men gave the pills to Gomez. It was agreed that future sales would be arranged through the appellant. Gomez was told by one of the appellant's two companions that the money would be paying all three men. Gomez began counting out his money in English; the appellant counted in Spanish. At that point, police officers came out of hiding and arrested the suspects.

■ This evidence was sufficient to prove that the appellant delivered the pills to Gomez, as alleged, under the law of parties, V.T.C.A. Penal Code, Sections 7.01 et seq. The jury was authorized to convict under this law, and their verdict is amply supported.

■ The second ground of error complains of the trial court's refusal to charge on entrapment, V.T.C.A. Penal Code, Section 8.06. A charge on this defense is required only when there is evidence raising the issue of entrapment. *Lopez v. State*, 574 S.W.2d 563 (Tex.Cr.App. 1978). There was no such evidence.

■ The final ground complains of a remark that the trial court is said to have made to the prospective jurors during voir dire. We cannot find reversible error, for the record does not contain the remark. The record does show that the trial court granted a motion for an instruction that the jury panel disregard a comment, but denied a motion for mistrial. The record does not show any error.

The judgment is affirmed.

TEAGUE, J., concurs in the result.