**Manuel Salazar ALCORTA, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 13–81–069–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 23, 1981.

Moises V. Vela, Harlingen, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for delivery of marijuana wherein appellant received a sentence of two years incarceration. The sufficiency of the evidence is challenged on appeal.

On June 6, 1979, Officer Ortiz was acting in an undercover capacity for the Cameron County Organized Crime Task Force. Officer Ortiz negotiated with Crispin Flores for the purchase of a quantity of marijuana. At approximately 9:00 p.m. that night, Ortiz met with Flores in Diaz Park in Harlingen, Texas. Upon arriving at the park Flores asked the officer if he still wanted some marijuana. After this conversation Flores walked back towards the park and was met halfway by the appellant, Alcorta. Flores and appellant had a discussion, then appellant drove off in a Cadillac. When appellant returned, approximately 20 minutes later, Officer Ortiz and Flores went over to appellant's car. Appellant then told Flores, (all in the presence of Officer Ortiz), that "the stuff is in a brown paper bag on the front seat of the car." The car was registered in appellant's name. Flores took the bag out of the car and put it in Officer Ortiz' vehicle. While Flores was doing this, Officer Ortiz asked appellant if he should pay him or Flores. Appellant replied, "Go ahead and pay Cris," and walked off into the park. Officer Ortiz paid Flores $120.00 for the marijuana. The bag placed in Officer Ortiz' vehicle was the same bag that had been in appellant's car. The substance in the bag was 13.63 ounces of marijuana. Appellant presented no testimony.

Appellant contends on appeal that the record is void of any evidence as to his knowledge or intent to deliver a controlled substance. He bases this contention on the fact that Officer Ortiz had never met appellant before the meeting in the park and that all negotiations for the sale and delivery of the marijuana were made by the officer with Flores and not with the appellant. Appellant further contends that there is no evidence that the appellant received any benefit from the sale. Appellant urges instead, that his refusal to accept payment from Officer Ortiz indicated at the very least, a lack of intent or knowledge of an offer to sell or deliver a controlled substance.

V.T.C.A. Penal Code § 7.02(a)(2) (1974) provides that a person is criminally responsible for an offense committed by the conduct of another if acting with the intent to promote or assist the commission of the offense, solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. In the instant case the "other person" referred to in the statute is Flores.

Officer Ortiz' testimony was sufficient to sustain appellant's conviction as a party to the offense of delivery of marijuana. The evidence shows that the appellant was a party in that he acted together with Flores and, knowing his unlawful intent, aided and encouraged Flores in the actual transfer of marijuana from Flores to Officer Ortiz. *Spurgers v. State*, 576 S.W.2d 830 (Tex.Cr.App.1978); *Howery v. State*,

528 S.W.2d 230 (Tex.Cr.App.1975). We hold that there is sufficient evidence in the record on which the trial judge, as the trier of facts, could have found appellant to be criminally responsible for Flores' conduct under V.T.C.A. Penal Code § 7.02(a)(2). Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that V.T.C.A. Penal Code §§ 7.01, 7.02 and 7.03 are unconstitutional. Under this contention, appellant merely asserts that "any law passed by the legislature as a part of the Penal Code of this State is unconstitutional per se if the alleged defendant is not allowed under said law, to legally repudiate his criminal behavior prior to the termination of the alleged crime." This ground of error contains no citation or authority, nor does he set forth any argument in support thereof. This is not in compliance with Sec. 40.09 § 9, Vernon's Ann. Code of Criminal Procedure, and will, therefore, not be considered. *Pearce v. State*, 513 S.W.2d 539 (Tex.Cr.App.1974); *Smith v. State*, 540 S.W.2d 693 (Tex.Cr.App. 1976). Even if we considered this point on its merit, it would be overruled.

The judgment of the trial court is affirmed.