David EASTMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0231–CR.

Court of Appeals of Texas,
Amarillo.

July 14, 1982.

Discretionary Review Refused
Sept. 22, 1982.

Babb & Hanna, P. C., Russell C. Busby, Austin, for appellant.

Danny E. Hill, Dist. Atty., Arnold N. Miller, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant David Eastman appeals his conviction for delivery of lysergic acid diethylamide and jury-assessed punishment of twenty years confinement in the Texas Department of Corrections. Appellant in two grounds of error asserts first, that the evidence is insufficient to sustain the allegations in the indictment, and, second, that the trial court erred in charging on the law of parties because the evidence did not raise that issue. We disagree and affirm the judgment of the trial court.

In order to properly discuss appellant's first ground a brief resume of the testimony is necessary. The State relied upon the testimony of Steven McCraw, a Department of Public Safety criminal investigator, to show the delivery of the suspected substance, and the testimony of Dennis Pat Johnson, a DPS chemist, to show the substance was lysergic acid diethylamide.

McCraw testified that appellant telephoned him and the two subsequently met at appellant's residence in Amarillo. From there, using appellant's car, they went to the Plaza Lounge, where appellant asked McCraw if he wished to purchase some "acid." When McCraw said he did, appellant introduced him to a Mr. Eagleston. After they discussed the price, Eagleston said they would have to take him to a residence where he would obtain the LSD. They drove to the residence in appellant's car.

Upon arrival, Eagleston asked McCraw how much LSD he wanted, then went inside with instructions to purchase 20 "dosage units." While Eagleston was inside, appellant asked McCraw for some LSD or for some money for introducing him to Eagleston and for taking him to the supplier. McCraw gave appellant thirty dollars. About five minutes after he went inside,

Eagleston returned, handed something to appellant, and handed 10 "dosage units" of suspected LSD to McCraw.

Appellant returned McCraw to his car and they parted company. The next afternoon, McCraw called appellant and told him he had not received all the LSD he had purchased. They arranged to meet and drove in McCraw's car to Eagleston's residence, and from there with Eagleston to the supplier's residence where the prior purchase had been made. Again, Eagleston went in alone and returned shortly with ten more "dosage units" of suspected LSD. Eagleston asked McCraw if he wanted to purchase ten additional "dosage units," and after McCraw said that he did and paid for them, Eagleston went back inside and returned with the second purchase.

While Eagleston was inside for the second time, appellant asked McCraw to give him four "hits," or "dosage units" of LSD, and when McCraw refused, appellant asked for at least $10 for assisting McCraw. McCraw gave him the $10. Appellant gave the money to Eagleston when he returned and asked him to get two "hits" for him. Eagleston reentered the residence and returned and gave something to appellant. After that, they departed and McCraw returned appellant and Eagleston to the places where they had met.

In court, McCraw identified the packages which Eagleston had provided for him and the DPS chemist Johnson testified that the packages contained LSD. Appellant offered no evidence, but moved for an instructed verdict because the evidence was insufficient to make him a party to the offense. On appeal, appellant contends that while the State may have proven appellant guilty as a party to a constructive delivery of LSD, it proved no actual delivery.

The State indicted appellant for actually delivering LSD and proceeded against him on a theory that he was criminally responsible for the conduct of another. Each party to an offense may be charged with commission of the offense. Tex.Penal Code Ann. § 7.01(b) (Vernon 1974). A per-

son is criminally responsible for the conduct of another, *inter alia*, if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; . . ." Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 1974).

Whether a person is a party to an offense by virtue of his conduct or by the conduct of another for which he is criminally responsible may be ascertained by applying a test first enunciated in *McCuin v. State*, 505 S.W.2d 827, 830 (Tex.Cr.App.1974):

Where the evidence introduced upon the trial of the cause shows the active participation in the offense by two or more persons, the trial court should first remove from consideration the acts and conduct of the non-defendant actor. Then, if the evidence of the conduct of the defendant then on trial would be sufficient, in and of itself, to sustain the conviction, no submission of the law of principals is required. . . .

On the other hand, if the evidence introduced upon the trial of the cause shows, or raises an issue, that the conduct of the defendant then upon trial is not sufficient, in and of itself, to sustain a conviction, the State's case rests upon the law of principals and is dependent, at least in part, upon the conduct of another. In such a case, the law of principals must be submitted and made applicable to the facts of the case. . . .

▬ The distinction between principals and accomplices has been abolished, Tex.Penal Code Ann. § 7.01(c) (Vernon 1974), but the *McCuin* test remains a viable means for determining when a case should be submitted with a parties charge and when none is required. *See, e.g., Apodaca v. State*, 589 S.W.2d 696, 698 (Tex.Cr.App.1979), and *Romo v. State*, 568 S.W.2d 298, 303 (Tex.Cr. App.1978) (opinion on State's motion for rehearing), where the *McCuin* criteria were discussed in the context of a § 7.02(a)(2) situation.

▬ Applying the *McCuin* test to the facts in the case at bar, it cannot be said that appellant was a primary actor whose conduct, in and of itself, was sufficient to sustain the conviction. He neither negotiated the sale, received the money nor delivered the LSD. He was present at the scene of the delivery, however, and while mere presence will not constitute one a party, it is a circumstance tending to prove that a person is a party, and taken with other facts, may be sufficient to show that the accused was a participant. *Medellin v. State*, 617 S.W.2d 229, 231 (Tex.Cr.App. 1981). In making that determination, the courts may look to events before, during and after the commission of the offense. *Id.*

Appellant's acts of contacting McCraw, introducing him to Eagleston, driving them to the supplier's residence, arranging the second meeting with Eagleston and accompanying them a second time to the supplier's residence is sufficient to constitute him a party. *Cf., Villarreal v. State*, 617 S.W.2d 702, 703 (Tex.Cr.App.1981) (where, on very similar facts, the Court of Criminal Appeals held the evidence sufficient on a parties theory of delivery). Likewise, his demand for LSD or money provides sufficient evidence to find that his intention was to promote or assist the commission of the offense. *Garza v. State*, 573 S.W.2d 536, 538 (Tex.Cr.App.1978). *See also Alcorta v. State*, 626 S.W.2d 838, 839 (Tex.App.—Corpus Christi 1981, no pet.). The evidence is sufficient to sustain appellant's conviction on a parties theory. Ground of error one is overruled.

▬ Related to the first ground of error is appellant's second contention that the trial court erred in charging the jury on the law of parties over his objection because the evidence did not raise the issue.* Our con-

* The trial court charged the jury on the abstract law of parties, but in fact there was no charge applying the law of parties to the facts. While error in the application portion of the court's charge is usually considered "fundamental," re-quiring this court to reverse, the trial court's failure, in the absence of an objection, to apply the law of parties to the facts of the case is not fundamental error. *Romo v. State*, 568 S.W.2d

clusion that the evidence was sufficient to support the conviction necessarily includes the corollary that it was sufficient to raise the issue of parties in the first place. Appellant's second ground of error is overruled.

There being no reversible error, the judgment of the trial court is affirmed.

298, 302 (Tex.Cr.App.1978) (opinion on State's

