NO. 07-03-0478-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 15, 2005

_____

CONNIE G. ROY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402898; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Connie G. Roy was convicted of possession of a controlled substance with intent to deliver and punishment was assessed at 35 years

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

confinement. Asserting one issue, she contends the evidence is legally insufficient to support the conviction.

On the morning of April 10, 2003, acting on a report that James Miller was manufacturing methamphetamine in a storm cellar at 1316 34th Street, officers went to the residence and attempted to "knock and talk" and obtain consent to search the premises. Lieutenant Longway and Sergeant Arredondo went to the back of the residence and Investigator Bostwick remained at the front and initiated the knock and talk. Longway and Arredondo smelled ether or anhydrous ammonia and then observed a propane tank in a cellar with an open door. Bostwick initiated the knock and talk and Charlee Biggs answered the door. After being asked about marks on her arms, Biggs admitted to injecting methamphetamine; however, she did not give consent to search the residence. When Bostwick learned about discoveries at the rear of the house, he determined that probable cause existed to obtain a search warrant.

The officers did a protective sweep of the house to make sure no one was hiding inside and that no chemicals would catch fire or explode. During the sweep, the officers observed what appeared to be a disassembled methamphetamine lab in plain view. Also they observed a mirror with white powder, numerous mason jars, glassware, and pseudoephedrine boxes. Additionally, drug paraphernalia and syringes were seen in the living room. After Officer Luciano left to obtain a search warrant, Biggs told Bostwick and

Longway that James Miller would be returning soon and that if they waited on the front porch, Miller would not stop. Based on her suggestion, the officers waited inside the house.

When Luciano returned with the search warrant, a search was conducted. Among many things, they found a methamphetamine lab, five boxes and one blister pack of Sudafed, one blister pack of Drixoral, and nine blister packs of Contac cold tablets. At trial, witnesses identified these items as ingredients used in the manufacture of methamphetamine. Among many other items of glassware, a Pyrex glass plate with red residue and a glass baking dish with red powder residue were found in the living room next to the couch. At trial, testimony was received that the liquid found in the mason jar in a bedroom and a mason jar containing a clear liquid contained methamphetamine calculated to be 38.19 grams.

While the search was ongoing, appellant drove to the residence in her car. James Miller was a passenger in her car. Numerous items, including Prestone starting fluid, yellow bottles of Heet, and pseudoephedrine tablets, consistent with the manufacture of methamphetamine, were seen in plain view in the car. After appellant gave permission to search the vehicle, several other items were obtained from the car. Also, officers found receipts in her pocket for the purchases of tablets on April 4 and April 10. Among other items, at trial the State introduced over 121 exhibits including many photographs of drug making paraphernalia into evidence.

By her only issue, appellant contends the evidence presented during the guilt-innocence phase of trial was legally insufficient to prove she intentionally and knowingly possessed, with intent to deliver, a controlled substance namely methamphetamine, by aggregate weight, including adulterants or dilutants, of less than 200 grams but not less than four grams. In response, the State contends that because the evidence established appellant's participation as a party to the offense, it is legally sufficient to sustain the conviction.

In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 ( 1979). The standard is the same for both direct and circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703 (Tex.Cr.App. 1995). In our review, we do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of fact. *See* Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992). Rather, our duty is to determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. *Id*. at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. Matson v. State, 819 S.W.2d 839, 843 (Tex.Cr.App. 1991).

4

As material to appellant's contentions here, the jury was instructed as follows:

4.

All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by her own conduct, by the conduct of another for which she is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

5.

\* \* \*

If you find from the evidence beyond a reasonable doubt that on or about April 10, 2003, in Lubbock, Texas, Charlee Biggs and/or James Miller did then and there knowingly possess, with intent to deliver . . . and that CONNIE ROY then and there acting with intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid Charlee Biggs and/or James Miller to commit the offense, if any by her own actions and conduct during the commission of said offense, if any, then you will find the defendant guilty of the offense of possession, with intent to deliver, a controlled substance . . . .

Appellant made no objection to the charge in the trial court and presents no charge error on appeal.

Because appellant does not contend that Miller and Biggs were not in possession of the 38.19 grams of methamphetamine found in the residence, in our review of the evidence, we focus on the evidence as it may indicate whether appellant assisted or aided Miller and

5

Biggs in their unlawful conduct. Purchase receipts dated before April 10 for ingredients essential for the manufacture of the contraband were found on appellant. Also, purchase receipts dated April 10 were found in her car as well as other items, *i.e.*, "Heet," baggies, *etc.*, related to the manufacture and distribution of contraband. Further, Miller was riding with appellant when they returned to the house with supplies for the manufacture of contraband and where the 38.19 grams of contraband were found by police. Because participation in an offense may be inferred from the circumstances, *see* Beardsley v. State, 738 S.W.2d 681, 684 (Tex.Cr.App. 1987), here, considering that the evidence was received which identified appellant as a "cook" of methamphetamine, we conclude a rational jury could have reasonably deduced that appellant assisted and aided Miller and Biggs in the commission of the offense.

We have not overlooked appellant's argument that the evidence did not demonstrate compliance with the affirmative links test set out in Jenkins v. State, 76 S.W.3d 709, 712 (Tex.App.–Corpus Christi 2002, pet. ref'd); however, appellant made no objections to the charge and presents no charge error here. Moreover, where a party charge was given, in Eastman v. State, 636 S.W.2d 272 (Tex.App.--Amarillo 1982, pet. ref'd), we affirmed the conviction under sections 7.01(b) and 7.02(a)(2) of the Penal Code. *See generally* Cano v. State, 3 S.W.3d 99, 106 (Tex.App.--Corpus Christi 1999, pet. ref'd) (holding that the law of parties may be applied to the offense of delivery of a controlled substance). Appellant's sole issue is overruled.

6

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.