NO. 07-03-0478-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 15, 2005



______________________________




CONNIE G. ROY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137
TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-402898; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)


MEMORANDUM OPINION 



 Following a plea of not guilty, appellant Connie G. Roy was convicted of possession
of a controlled substance with intent to deliver and punishment was assessed at 35 years
confinement. Asserting one issue, she contends the evidence is legally insufficient to
support the conviction.

 On the morning of April 10, 2003, acting on a report that James Miller was
manufacturing methamphetamine in a storm cellar at 1316 34th Street, officers went to the
residence and attempted to "knock and talk" and obtain consent to search the premises. 
Lieutenant Longway and Sergeant Arredondo went to the back of the residence and
Investigator Bostwick remained at the front and initiated the knock and talk. Longway and
Arredondo smelled ether or anhydrous ammonia and then observed a propane tank in a
cellar with an open door. Bostwick initiated the knock and talk and Charlee Biggs answered
the door. After being asked about marks on her arms, Biggs admitted to injecting
methamphetamine; however, she did not give consent to search the residence. When
Bostwick learned about discoveries at the rear of the house, he determined that probable
cause existed to obtain a search warrant. 

 The officers did a protective sweep of the house to make sure no one was hiding
inside and that no chemicals would catch fire or explode. During the sweep, the officers
observed what appeared to be a disassembled methamphetamine lab in plain view. Also
they observed a mirror with white powder, numerous mason jars, glassware, and
pseudoephedrine boxes. Additionally, drug paraphernalia and syringes were seen in the
living room. After Officer Luciano left to obtain a search warrant, Biggs told Bostwick and
Longway that James Miller would be returning soon and that if they waited on the front
porch, Miller would not stop. Based on her suggestion, the officers waited inside the house. 

 When Luciano returned with the search warrant, a search was conducted. Among
many things, they found a methamphetamine lab, five boxes and one blister pack of
Sudafed, one blister pack of Drixoral, and nine blister packs of Contac cold tablets. At trial,
witnesses identified these items as ingredients used in the manufacture of
methamphetamine. Among many other items of glassware, a Pyrex glass plate with red
residue and a glass baking dish with red powder residue were found in the living room next
to the couch. At trial, testimony was received that the liquid found in the mason jar in a
bedroom and a mason jar containing a clear liquid contained methamphetamine calculated
to be 38.19 grams. 

 While the search was ongoing, appellant drove to the residence in her car. James
Miller was a passenger in her car. Numerous items, including Prestone starting fluid, yellow
bottles of Heet, and pseudoephedrine tablets, consistent with the manufacture of
methamphetamine, were seen in plain view in the car. After appellant gave permission to
search the vehicle, several other items were obtained from the car. Also, officers found
receipts in her pocket for the purchases of tablets on April 4 and April 10. Among other
items, at trial the State introduced over 121 exhibits including many photographs of drug
making paraphernalia into evidence. 

 By her only issue, appellant contends the evidence presented during the guilt-innocence phase of trial was legally insufficient to prove she intentionally and knowingly
possessed, with intent to deliver, a controlled substance namely methamphetamine, by
aggregate weight, including adulterants or dilutants, of less than 200 grams but not less than
four grams. In response, the State contends that because the evidence established
appellant's participation as a party to the offense, it is legally sufficient to sustain the
conviction. 

 In conducting a legal sufficiency review, we must determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 ( 1979). The
standard is the same for both direct and circumstantial evidence cases. King v. State, 895
S.W.2d 701, 703 (Tex.Cr.App. 1995). In our review, we do not resolve any conflict of fact,
weigh any evidence, or evaluate the credibility of the witnesses, as this was the function of
the trier of fact. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992). Rather,
our duty is to determine whether both the explicit and implicit findings of the trier of fact are
rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. 
Id. at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the
verdict. Matson v. State, 819 S.W.2d 839, 843 (Tex.Cr.App. 1991). 


 As material to appellant's contentions here, the jury was instructed as follows:

 

4.


 All persons are parties to an offense who are guilty of acting together in the
commission of the offense. A person is criminally responsible as a party to an
offense if the offense is committed by her own conduct, by the conduct of
another for which she is criminally responsible, or by both.


 A person is criminally responsible for an offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the
offense, she solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense. Mere presence alone will not constitute one a
party to an offense.


5. 



* * *



 If you find from the evidence beyond a reasonable doubt that on or about April
10, 2003, in Lubbock, Texas, Charlee Biggs and/or James Miller did then and
there knowingly possess, with intent to deliver . . . and that CONNIE ROY then
and there acting with intent to promote or assist the commission of the
offense, if any, solicited, encouraged, directed, aided or attempted to aid
Charlee Biggs and/or James Miller to commit the offense, if any by her own
actions and conduct during the commission of said offense, if any, then you
will find the defendant guilty of the offense of possession, with intent to
deliver, a controlled substance . . . .



Appellant made no objection to the charge in the trial court and presents no charge error on
appeal. 

 Because appellant does not contend that Miller and Biggs were not in possession of
the 38.19 grams of methamphetamine found in the residence, in our review of the evidence,
we focus on the evidence as it may indicate whether appellant assisted or aided Miller and
Biggs in their unlawful conduct. Purchase receipts dated before April 10 for ingredients
essential for the manufacture of the contraband were found on appellant. Also, purchase
receipts dated April 10 were found in her car as well as other items, i.e., "Heet," baggies,
etc., related to the manufacture and distribution of contraband. Further, Miller was riding
with appellant when they returned to the house with supplies for the manufacture of
contraband and where the 38.19 grams of contraband were found by police. Because
participation in an offense may be inferred from the circumstances, see Beardsley v. State,
738 S.W.2d 681, 684 (Tex.Cr.App. 1987), here, considering that the evidence was received
which identified appellant as a "cook" of methamphetamine, we conclude a rational jury
could have reasonably deduced that appellant assisted and aided Miller and Biggs in the
commission of the offense. 

 We have not overlooked appellant's argument that the evidence did not demonstrate 
compliance with the affirmative links test set out in Jenkins v. State, 76 S.W.3d 709, 712
(Tex.App.-Corpus Christi 2002, pet. ref'd); however, appellant made no objections to the
charge and presents no charge error here. Moreover, where a party charge was given, in
Eastman v. State, 636 S.W.2d 272 (Tex.App.--Amarillo 1982, pet. ref'd), we affirmed the
conviction under sections 7.01(b) and 7.02(a)(2) of the Penal Code. See generally Cano
v. State, 3 S.W.3d 99, 106 (Tex.App.--Corpus Christi 1999, pet. ref'd) (holding that the law
of parties may be applied to the offense of delivery of a controlled substance). Appellant's
sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.